UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN GIORDANO, JEANETTE GIORDANO, JAMES GIORDANO, and JESSICA GIORDANO; KEITH DALTON and ANN AERTS; CORBY DEESE, JR. and TAMMY O'LEARY; ARMANDO FERNANDEZ; EDWARD FRANKLIN, DANA FRANKLIN and AUSTIN FRANKLIN; MICHAEL HARPER, SUSAN KOYE, JENNIFER HARPER, SAVANNAH HARPER, and ELIZABETH HARPER; HELEN KAROL; WESLEY KILLE, LESLIE KILLE, GAGE KILLE, LUCIA KILLE and MALAYNA REISTLE; MICHAEL LANGE and ANDREW SOLARI; and JIM REPISARDI; JUSTIN SCHALLER, JULIE SCHALLER, REBECCA SCHALLER and JUSTIN SCHALLER, JR., <br><br>　　　　　　Plaintiffs,<br>　v.<br><br>SOLVAY SPECIALTY POLYMERS USA, LLC, SOLVAY SOLEXIS, INC.; ARKEMA, INC.; E.I. DUPONT NEMOURS & COMPANY; DUPONT SPECIALTY PRODUCTS USA, LLC; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; THE 3M COMPANY; and ABC CORPORATIONS #l-10,<br><br>　　　　　　Defendants. | DOCKET NO.: 19 Civ. 21573<br><br>CIVIL ACTION<br><br>**NOTICE OF REMOVAL**<br><br>Removed From:<br><br>Superior Court of New Jersey<br>Gloucester County: Law Division<br>Docket No. GLO-L-1368-19 |

To:　　Williams Cedar, LLC
　　　　David M. Cedar, Esq.
　　　　Shauna L. Friedman, Esq.
　　　　8 Kings Highway West, Suite B
　　　　Haddonfield, NJ 08033

　　　　*Attorney for Plaintiffs*

Defendant Solvay Specialty Polymers USA, LLC, successor by merger to Solvay Solexis, Inc. (collectively, "Solvay"), pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the above-captioned civil action and all claims and causes of action from the Superior Court of New Jersey, Gloucester County, to the United States District Court for the District of New Jersey. This action is removable pursuant to 28 U.S.C. § 1332.

## GROUNDS FOR REMOVAL

1. On November 17, 2019, Plaintiffs John Giordano, Jeanette Giordano, James Giordano, Jessica Giordano, Keith Dalton, Ann Aerts, Corby Deese Jr., Tammy O'Leary, Armando Fernandez, Edward Franklin, Dana Franklin, Austin Franklin, Michael Harper, Susan Koye, Jennifer Harper, Savannah Harper, Elizabeth Harper, Helen Karol, Wesley Kille, Leslie Kille, Gage Kille, Lucia Kille, Malayna Reistle, Michael Lange, Andrew Solari, Jim Repisardi, Justin Schaller, Julie Schaller, Rebecca Schaller, and Justin Schaller Jr. (collectively "Plaintiffs") filed a complaint (the "Complaint") in the Superior Court of New Jersey, Gloucester County, Docket No. GLO-L-1368-19 against Solvay, Arkema, Inc.; E.I. DuPont Nemours & Company; DuPont Specialty Products USA, LLC; The Chemours Company; The Chemours Company FC, LLC; The 3M Company; and ABC Corporations #1-10 (collectively, "Defendants").

2. The Complaint alleges that Defendants are responsible for certain contamination present at Plaintiffs' properties, including their private water supply wells. The Complaint further alleges that Defendants are responsible for compensatory and punitive damages, including medical monitoring and costs incurred and to be incurred by Plaintiffs arising from the alleged contamination.

3. This Notice of Removal is being filed in the United States District Court for the District of New Jersey within thirty days of Solvay's receipt of the Complaint and is, therefore,

timely filed under 28 U.S.C. §§ 1446(a) and (b).  Solvay was served with the Complaint on November 19, 2019.

    4.    Pursuant to 28 U.S.C. § 1332(a), an action is within the original jurisdiction of this Court if the action is between citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

### Citizenship of the Parties

    5.    The citizenship requirement of 28 U.S.C. § 1332(a) is satisfied.

    6.    In their Complaint, all Plaintiffs identify themselves as citizens of New Jersey.

    7.    Solvay is a limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each of its members.  *See, e.g.*, *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).  Solvay's sole member is Ausimont Industries Inc. ("Ausimont"), a Delaware corporation.  Ausimont is a holding company with no operations.  Its headquarters, president and one of its board members are based in Houston, Texas.  Accordingly, Ausimont's principal place of business is Houston, Texas.  *See, e.g.*, *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 347 (3d Cir. 2013).  Thus, Ausimont is a citizen of Delaware and Texas.  Solvay, in turn, is also a citizen of Delaware and Texas.

    8.    The Complaint identifies Arkema, Inc. as a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.  Upon information and belief, Arkema, Inc.'s principal place of business is King of Prussia, Pennsylvania.  Arkema, Inc., therefore, is a Pennsylvania citizen.

9. The Complaint identifies E.I. DuPont Nemours & Company as a Delaware corporation with its principal place of business located in Wilmington, Delaware. E.I. DuPont Nemours & Company, therefore, is a Delaware citizen.

10. The Complaint identifies DuPont Specialty Products USA, LLC as a Delaware corporation with its principal place of business located in Wilmington, Delaware. As a limited liability company, DuPont Specialty Products USA, LLC's citizenship is determined by the citizenship of its members. Upon information and belief, DuPont Specialty Products USA LLC's members are DuPont Electronics, Inc., DuPont Safety & Construction, Inc., and DuPont Polymers, Inc., each of which is a Delaware corporation with its principal place of business in Delaware. DuPont Specialty Products USA, LLC, therefore, also is a citizen of Delaware.

11. The Complaint identifies The Chemours Company as a Delaware corporation with its principal place of business located in Wilmington, Delaware. The Chemours Company, therefore, is a Delaware citizen.

12. The Complaint identifies The Chemours Company FC, LLC as a Delaware corporation with its principal place of business located in Wilmington, Delaware. As a limited liability company, The Chemours Company FC, LLC's citizenship is determined by the citizenship of its members. Upon information and belief, The Chemours Company FC, LLC's sole member is The Chemours Company. As alleged in the Complaint and stated above, The Chemours Company is a Delaware corporation with its principal place of business in Delaware. The Chemours Company FC, LLC, therefore, also is a citizen of Delaware.

13. The Complaint identifies The 3M Company as a Minnesota corporation with its principal place of business in Minnesota. Upon information and belief, The 3M Company is a Delaware corporation. The 3M Company, therefore, is a citizen of Delaware and Minnesota.[1]

14. Accordingly, Plaintiffs are citizens of New Jersey and Defendants are citizens of Delaware, Texas, Pennsylvania, and Minnesota.

## Amount in Controversy

15. The amount in controversy requirement of 28 U.S.C. § 1332(a) is also satisfied. Under 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). While Solvay denies that Plaintiffs are entitled to any monetary or other relief, the amount in controversy here exceeds the jurisdictional minimum. Moreover, this Court has routinely held that personal injury claims that are not expressly capped below $75,000 satisfy the amount in controversy requirement for diversity jurisdiction. *See*, *e.g.*, *Frederico v. Home Depot*, 507 F.3d 188, 196 (2007); *Bukowiecki v. Dollar General Store*, No. 18-16464, 2019 U.S. Dist. LEXIS 18201 *10 (D.N.J. Feb. 5, 2019); *Briggs v. Target Corp.*, No. 14-7165, 2015 U.S. Dist. LEXIS 30796 *9-10 (D.N.J. Mar. 13, 2015).

---

[1] Defendants ABC Corporations #1-10 are fictitious entities and are disregarded for diversity of jurisdiction purposes. 28 U.S.C. § 1441(b)(1).

16. Plaintiffs all seek compensatory damages for bodily injury and property diminution, punitive damages, attorneys' fees, and medical monitoring. The Complaint alleges, *inter alia*, that "[a]ll Plaintiffs in this action": are owners of "private wells requiring the installation of a POET system" to remove per- and polyfluoroalkyl substance contamination (Compl. ¶ 110); "own and/or reside at properties, which have significantly diminished in value" (*id*. ¶ 111); "are at risk for serious physical injuries and diseases" (*id*. ¶ 113) which "make it reasonably necessary for Plaintiffs to undergo periodic diagnostic medical examinations" (*id*. ¶ 114); and "have and will continue to incur substantial costs for bottled water" (*id*. ¶ 117). Plaintiffs also seek cleanup and removal costs pursuant to the New Jersey Spill Compensation and Control Act (*id*. ¶¶ 150-74) and allege that they "have incurred and will incur in the future substantial costs related to the restoration of a clean water supply and/or access to an alternate water source" (*id*. ¶ 174).

17. As this action meets both the citizenship requirement and the amount in controversy requirement of 28 U.S.C. § 1332(a), this action is properly removed to this Court on the basis of diversity jurisdiction.

**OTHER PROCEDURAL REQUIREMENTS**

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

19. Exhibit 1 contains a copy of all process, pleadings, and orders served upon Solvay in the state court action. *See id.*

20. Solvay has been informed that all other defendants consent to the removal of this action to this Court. Pursuant to 28 U.S.C. 1446(b)(2)(A), all other defendants will be filing evidence of consent directly with the Court within 30 days of their respective dates on which

6

they were served with the Complaint.  *See e.g.*, *Lakatos v. Monmouth County Dep't of Corr.*, No. 13-5701, 2014 U.S. Dist. LEXIS 9079 *1, *5 (D.N.J. Jan. 24, 2014) ("[defendant] did not sign the notice of removal. Therefore, [defendant] was required to file a separate written consent to removal within 30 days of the date he was served").

21. Pursuant to 28 U.S.C. § 1446(d), Solvay is serving written notice of this filing upon Plaintiffs and will promptly file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Gloucester County.

WHEREFORE, this action should proceed in the United States District Court for the District of New Jersey, as an action appropriately removed.

Dated:  December 18, 2019                    LATHAM & WATKINS LLP

By:  /s/ Kegan A. Brown
Kegan A. Brown
885 Third Avenue
New York, NY 10022-4834
Tel:  212.906.1200
Fax:  212.751.4864

*Attorneys for Defendant Solvay Specialty Polymers USA, LLC*